IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE SILLAS, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:07-CV-1866-D |
| VS. § | |
| § | |
| VERONICA DAMARIS SILLAS, § | |
| Deceased, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this unique removed action, plaintiffs, intervenors, and certain defendants move to remand the case to state court, contending that defendant National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak") failed to obtain consent for removal from all defendants. Amtrak maintains that the circumstances of the case warrant removal without such consent. For the reasons that follow, the court disagrees and remands the lawsuit to state court.

I

Plaintiffs Jose Sillas and Rosalinda Sillas (the "Sillases"), individually and as personal representatives of the Estate of Joe David Sillas, Deceased ("Joe"), and as next friend and guardian of E\_\_\_\_ S\_\_\_\_\_, a Minor Child ("E\_\_\_\_ S\_\_\_\_\_"), filed this lawsuit in Texas state court against Veronica Damaris Sillas, Deceased ("Veronica"), and four railroad-related defendants, including Amtrak. The lawsuit arises from a collision between a railroad train and a vehicle that Veronica was driving and in which Joe and

E\_\_\_\_ S\_\_\_\_\_ were passengers. The Sillases allege that when Veronica attempted to cross the railroad track, the vehicle she was driving was hit by an Amtrak passenger train, resulting in the deaths of Veronica and Joe, and severely injuring E\_\_\_\_ S\_\_\_\_\_. According to the Sillases' state-court petition, the negligence of Veronica and the railroad defendants were causes of the collision and resulting deaths and injuries. The Sillases also asserted that Veronica could be served by serving process on The Estate of Veronica Darmaris Sillas ("Veronica's Estate") through Veronica's parents, Olga and Juan Escamilla ("the Escamillas").

On October 20, 2007 plaintiffs served the Escamillas with process. On October 25, 2007 the Escamillas, individually and as personal representatives of Veronica's Estate, filed a plea in intervention as plaintiffs, alleging that the railroad defendants caused the collision and Veronica's death. On October 30, 2007 the Escamillas, as personal representatives of Veronica's Estate filed an answer to the Sillases' petition.

Amktrak filed a notice of removal on November 8, 2007, in which it asserted that counsel for the Escamillas refused to consent to removal. The Sillases, as plaintiffs, the Escamillas, as personal representatives of Veronica's Estate, and the Escamillas, as intervenors-plaintiffs, move in three motions to remand this case, contending that Amtrak improperly removed it by failing to obtain the Escamillas' consent to removal.

II

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" This statute, however, "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Thus defendants must demonstrate that federal jurisdiction exists, and courts must resolve any doubts concerning removal in favor of remand. *See, e.g., Cantwell v. Deutsche Bank Secs., Inc.*, 2005 WL 2296049, at *2 (N.D. Tex. Sept. 21, 2005) (Fitzwater, J.) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

"[28 U.S.C. § 1446] has been interpreted to require that all then-served properly joined defendants join in the removal petition." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (emphasis omitted) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988)). The rationale for this requirement is that a "plaintiff should only be required to proceed against multiple defendants in one action." *Ondova Ltd. v. Manila Indus., Inc.*, 2007 WL 4104192, at *2 (N.D. Tex. Nov. 19, 2007) (Fitzwater, C.J.) (internal quotation marks omitted).

III

A

The Sillases and the Escamillas maintain that by not obtaining the consent of the Escamillas (as the personal representatives of Veronica's Estate), Amtrak improperly removed this case without the joinder of all defendants. Amtrak responds that because plaintiffs' petition did not name the Escamillas as defendants, and because the Escamillas were not served as defendants, their consent to removal was not required; that even if the Escamillas are considered defendants under the removal statutes, Amtrak was not required to obtain their consent because they are simultaneously acting as intervenors-plaintiffs; and that the court should exercise its equitable power to modify the consent rule based on the unique facts of this case.

B

Amtrak does not in fact contend that the Escamillas are not defendants.[1] It argues, instead, that the consent rule applies only to named and served defendants, and that the Escamillas were neither named as defendants in the Sillases' state-court petition nor served as such.

Although plaintiffs did not name the Escamillas as

---

[1]Although Amtrak posits in the notice of removal that the Escamillas' consent is unnecessary because they are nominal defendants, it does not advance this argument in response to the remand motions.

defendants—they named Veronica, individually—the Escamillas were defendants as of the date the case was removed. When they filed their original answer, they submitted themselves to the state court's jurisdiction as the personal representatives of Veronica's Estate. They were served as the representatives of Veronica's Estate,[2] and the Escamillas, as defendants, answered the Sillases' petition before Amtrak filed its notice of removal. Amtrak in fact attempted to secure their consent for removal, and it has otherwise addressed the Escamillas as defendants throughout the initial stages of this lawsuit. Accordingly, the Escamillas are properly considered defendants for purposes of 28 U.S.C. § 1441(a).

C

Amtrak next maintains that, even if the Escamillas are considered defendants under the removal statute, their consent is not required for removal because they are simultaneously acting as intervenors-plaintiffs and as defendants. This argument lacks merit.

Amtrak attempts to place the burden on the movants of providing authority for the premise that parties who act both as intervenors-plaintiffs and as defendants must also consent to removal. Amtrak misconstrues the burden requirements in the removal context. It is well established that "[o]nce a case has

---

[2]The Sillases sued Veronica, individually, but they asserted, presumably because she is deceased, that she could be served by serving her estate through the Escamillas.

been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (citations omitted). In light of the rule that all then-served and properly joined defendants must join in the notice of removal, Amtrak bears the burden of establishing that consent is not required from defendants who are also acting as intervenors-plaintiffs. Amtrak fails to cite any authority or legal basis for this proposition.

Additionally, the Escamillas are functioning in somewhat distinct roles when acting as defendants and as intervenors-plaintiffs. As defendants, the Escamillas are acting only as personal representatives of Veronica's Estate. As intervenors-plaintiffs, they are acting individually and as personal representatives of Veronica's Estate. In other words, as defendants, they are defending Veronica's Estate against the Sillases' claims that she was negligent on the occasion in question. As intervenors-plaintiffs, they allege individually and as personal representatives of Veronica's Estate that Amtrak and the other railroad defendants were negligent.

D

Amtrak also argues that it is entitled to the application of the "exceptional circumstances" exception to the consent rule, as applied in *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002). In *Gillis* the Fifth Circuit concluded that "exceptional circumstances"

permitted removal even though the defendant failed to obtain authorized consent from one of the defendants before the expiration of the removal period. *Id.* at 759. The court considered the fact that the consent had been otherwise properly filed, through an informally authorized party, as part of the "unique circumstances" that warranted an equitable exception to the timing requirements of the removal statute. *Id.* As Amtrak concedes, however, the Fifth Circuit applied this exception only in a context in which consent was ultimately obtained, and only to relax the requirement that consent be filed within the 30-day removal period required by 28 U.S.C. § 1446. This exception did not apply to excuse completely the requirement that all defendants properly joined and served must consent to removal.

Amtrak posits that the principle of this exception should nevertheless be extended to the present case because the application of the consent rule would otherwise result in unfairness, and it would frustrate Amtrak's right to remove the case on federal jurisdiction grounds. The court declines to extend the exceptional circumstances exception to a case that clearly falls outside the bounds of this circuit's precedent, particularly because the court is required to construe the removal statute strictly and to resolve any doubts concerning removal in favor of remand. *See Frank*, 128 F.3d at 922; *Cantwell,* 2005 WL 2296049, at *2.

Moreover, this is not a case in which the Escamillas appear to be strawmen defendants who have been joined to prevent removal. The Sillases have sued Veronica (now, Veronica's Estate) because she was the driver of the vehicle that collided with the railroad train. They aver that she was negligent and that her negligence caused the death of Joe and the severe injuries to E____ S_____. Although they also allege that the railroad defendants were negligent, there is no indication from the record that their assertion that Veronica was negligent was intended as an artifice to avoid removal.

Finding no applicable exception to the consent rule, the court grants the motions to remand.

IV

The Sillases seek recovery of their attorney's fees and costs. The court denies the request.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). The circumstances of this case are admittedly unique, and Amtrak had an objectively reasonable basis to maintain that the

case was removable considering the Escamillas' dual roles as defendants and as intervenors-plaintiffs. The court therefore denies the request for attorney's fees and costs.[3]

V

The December 7, 2007 motions to remand of the Sillases, of the Escamillas as personal representatives of Veronica's Estate, and of the Escamillas as intervenors-plaintiffs are granted, and this case is remanded to the 162nd Judicial District Court of Dallas County, Texas. The clerk shall effect the remand according to the usual procedure.

**SO ORDERED.**

March 20, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]To the extent the Sillases seek this relief under Fed. R. Civ. P. 11, that request is also denied, assuming *arguendo* that it is procedurally proper.